NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0468n.06
Filed: August 5, 2008

No. 07-1865

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| LARRY GAVIN, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant | ) | |

Before: SUTTON and COOK, Circuit Judges; and ROSE, District Judge[*]

**PER CURIAM.** Defendant-Appellant Larry Gavin appeals the district court's denial of his motion to suppress. Gavin sought to suppress evidence obtained by a Detroit Police Officer during a search of Gavin's person. Gavin also seeks, for the first time on appeal, a determination that the search turned into an illegal arrest.

The district court, in a thorough and thoughtful opinion with which we agree, denied Gavin's motion to suppress because the detention of Gavin was a lawful *Terry* stop. *See United States v. Gavin*, No. 2:06-cr-20471-RHC-RSW (E.D. Mich. Dec. 6, 2006). We adopt the district court's Opinion as the opinion of this panel.

Further, because Gavin's illegal-arrest claim was raised for the first time on appeal, this panel

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

does not consider it.  *See United States v. Critton*, 43 F.3d 1089, 1093 (6th Cir. 1995), *cert. denied*, 514 U.S. 1121 (1995).  However, if the claim were to be considered under plain-error review, this panel would find that the search of Gavin was not a plainly illegal arrest.  Merely requiring Gavin to place his hands on a vehicle upon arrival of a police officer so that he could be searched for weapons is not an arrest, particularly when the detention of Gavin was a lawful *Terry* stop, particularly when this action occurred immediately upon arrival of the police officer and particularly when Gavin voluntarily placed his hands on the vehicle and told the Detroit Police Officer that he had a weapon in his waistband.

We thus affirm.